UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| OMOWALE A. SHABAZZ a/k/a FRED DEAN a/k/a FRED E. DEAN, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 19-1036-JDT-cgc |
| TENNESSEE DEPARTMENT OF CORRECTION, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION TO AMEND COMPLAINT,
DIRECTING CLERK TO MODIFY THE DOCKET,
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g),
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On February 21, 2019, Plaintiff Omowale A. Shabazz a/k/a Fred Dean a/k/a Fred E. Dean, who is incarcerated at the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 4.) Shabazz's complaint addresses events that allegedly occurred while he was incarcerated at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee. (ECF No. 1 at PageID 2.) Shabazz subsequently moved to amend his complaint to add Defendant Steve Jones to the action. (ECF No. 3.) The motion to amend is GRANTED. The Clerk shall record the Defendants as the Tennessee Department

of Correction, Corrections Officer First Name Unknown (FNU) Thurman, Corporal FNU Baggett,[1] Ronnie Lanier, Amanda Hill, and Steve Jones.[2]

Under the Prison Litigation Reform Act, §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full civil filing fee. The PLRA merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Shabazz names "Cpl. Baggert" in the caption of his complaint but refers to this Defendant by the last name "Baggett" elsewhere in his complaint. Baggett appears to be the correct name. The Clerk is therefore DIRECTED to modify the docket to reflect the correct name for this Defendant.

[2] Shabazz also seeks to sue an "unknown defendant" employed as a sergeant at a different facility. Service of process cannot be made on an unknown or fictitious party. The filing of a complaint against a "John Doe" defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Shabazz has filed more than three previous civil actions in federal court that were dismissed for failure to state a claim or as frivolous.³ Therefore, he may not file any further action in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

Shabazz asserts that Defendants Lanier and Hill conspired to retaliate against him for filing grievances and lawsuits. (ECF No. 1 at PageID 1, 13-26.) He alleges that he wrote a grievance against Hill, to which Lanier responded. (*Id.* at PageID 13.) Hill then allegedly began taking "adverse actions" against him, including arbitrarily enforcing rules,

---

³ *See Shabazz v. Campbell*, 12 F. App'x 329, 330 (6th Cir. 2001) ("Shabazz does not dispute that he has had at least three previous suits dismissed as frivolous or for failure to state a claim for relief."); *see, e.g.*, *Dean v. Campbell*, No. 3:97-cv-0546 (M.D. Tenn. May 29, 1997) (dismissed as frivolous); *Dean v. White*, No. 3:97-cv-0338 (E.D. Tenn. May 20, 1997) (dismissed as frivolous and for failure to state a claim); *Allen, et al. v. Conley*, No. 2:96-cv-2693 (W.D. Tenn. Nov. 22, 1996) (dismissed as frivolous); *Dean v. Conley*, No. 2:96-cv-2553 (W.D. Tenn. May 29, 1996) (dismissed as frivolous); *Dean v. Carr*, No. 2:94-cv-0466 (E.D. Tenn. Jan. 26, 1996) (dismissed for failure to state a claim).

issuing false disciplinary infractions against him, and "devis[ing] a plot" with Lanier to cost Shabazz his job in the prison library. (*Id.* at PageID 14-16.) Shabazz contends in passing that Hill may have acted against him because of his race. (*Id.* at PageID 19.) He also alleges that Hill prevented Shabazz from working on an unspecified civil legal matter. (*Id.* at PageID 19-20.) Shabazz alleges that when Hill and Lanier learned Shabazz was preparing a civil action against them, Lanier "went ballistic" and screamed at Shabazz for five minutes. (*Id.* at PageID 21.) Lanier then fired Shabazz from his job in the library and told him not to come back. (*Id.* at PageID 22.)

Shabazz alleges that he reported Lanier and Hill's actions to Defendant Jones, their supervisor. (*Id.* at PageID 26.) He asserts that Jones approved or acquiesced in Lanier's actions also in retaliation for the lawsuit Shabazz was preparing against Lanier. (*Id.* at PageID 27.) After Shabazz wrote grievances against Jones and letters to him, Jones told Shabazz that "the situation with the law library was supposed to be resolved." (*Id.* at PageID 29.) Plaintiff was eventually allowed to return to the library. (*Id.*)

Shabazz also alleges that on one occasion, while he was in his cell, he and Defendant Thurman exchanged heated words after Shabazz requested a grievance form from another officer. (*Id.* at PageID 6.) Thurman allegedly opened Shabazz's cell door and verbally taunted him, to which Shabazz responded by "unleash[ing] a torrent of expletives in the direction of C/O Thurman." (*Id.*) Shabazz alleges that Thurman then "physically struck" him "in the chest area with clenched fists." (*Id.* at PageID 7.) Shabazz had to walk away "in an attempt to regain his composure" and was later returned to his cell. (*Id.*)

Shabazz alleges that on a separate occasion, an unknown officer stopped him as he left a medical appointment and ordered him to be handcuffed and searched. (*Id.* at PageID 8-9.) Shabazz complied, but the officer took him to segregation for "something that happened in the library yesterday." (*Id.* at PageID 9.) Corporal Baggett joined the officer as he took Shabazz to segregation. (*Id.*) The officer allegedly dragged Shabazz up the stairs, despite Shabazz's protests that he was medically restricted from an upper cell, and pulled up the handcuffs causing pain to Shabazz's left shoulder. (*Id.* at PageID 10.) Shabazz alleges that the Baggett and the officer then drove Shabazz's head into a wall and punched him repeatedly in the face without provocation. (*Id.*) Shabazz reported the assault but alleges he was given no physical examination and that no report was ever made. (*Id.* at PageID 11.) Shabazz alleges he was then left in segregation without hygiene items for three days. (*Id.* at PageID 11-12.) Shabazz was released from segregation and seen for a medical examination the next day. (*Id.* at PageID 12.)

Shabazz also takes issue with disciplinary reports he was given that he asserts should have been dismissed. (*Id.* at PageID 27-28.) He alleges that a sergeant told him he would "receive an excessive or severe form of punishment" if he were found guilty. (*Id.* at PageID 29.) He alleges that eventually he was found not guilty of any disciplinary infractions. (*Id.*)

Shabazz alleges that during the "twenty plus years" of his incarceration, he "has been physically assaulted by prison officials four (4) times." (*Id.* at PageID 2-3; *see also id.* at PageID 13.) He alleges that unnamed prison officials have told other inmates that he is "a snitch" so that inmates will assault him. (*Id.* at PageID 13.) Shabazz alleges various

general dangers at NWCX and calls it "the most dangerous prison he has been at." (*Id.* at PageID 2.) He alleges he was assaulted twice by prison officials and once by an inmate within the last year and that he "is routinely targeted by prison officials" for filing grievances and lawsuits. (*Id.*)

None of Shabazz allegations sufficiently allege that he was in imminent danger of serious physical injury at the time he filed his complaint. His allegations regarding retaliation from Defendants Hill, Lanier, and Jones do not involve any physical injury nor do his allegations about the disciplinary process. His allegations about being attacked in the past by prison officials are insufficient to satisfy § 1915(g). *See Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."). Shabazz's vague and general allegations about NWCX and prison officials "targeting" him also are insufficient to satisfy § 1915(g). *See Clark v. Morgan*, No. 2:15-CV-10994, 2015 WL 1541890, at *2 (E.D. Mich. Apr. 7, 2015) (citing *Thompson v. Sampson*, No. 1:10-CV-231, 2010 WL 1027897, at *3 (W.D. Mich. Mar. 18, 2010) ("Conclusory or vague allegations of some potential danger are insufficient to satisfy the exception to the three strikes rule.")); *cf. Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (explaining that, to meet the requirement of § 1915(g), "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed").

The complaint therefore does not come within the exception to 28 U.S.C. § 1915(g), and the Court cannot address its merits unless Shabazz first tenders the civil filing fee. Accordingly, Shabazz's motion to proceed *in forma pauperis* is DENIED pursuant to

§ 1915(g).  This action is DISMISSED without prejudice.  Shabazz may, within twenty-eight (28) days after the entry of judgment, re-open the case by filing a motion to re-open accompanied by full payment of the $400 civil filing fee.

The Court hereby CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal by Shabazz in this case would not be taken in good faith.  Leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                          s/ **James D. Todd**
                                          JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE